# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                      Case No. 2:12-CR-128 (1) & (2)
                                                  Judge James L. Graham
                                                  Magistrate Judge E. A. Preston Deavers

**BARBARA J. CUMMINGS, and**
**CHESAPEAKE CORPORATION,**

    **Defendants.**

## REPORT AND RECOMMENDATION

The United States of America and Defendant Barbara J. Cummings personally and on behalf of Defendant Chesapeake Corporation as its President entered into two separate plea agreements whereby each Defendant agreed to enter a plea of guilty to a separate Information charging each with one count of wire fraud in violation of 18 U.S.C. § 1343. On September 4, 2012, Defendants, accompanied by counsel, appeared for an arraignment. Defendants consented, pursuant to 28 U.S.C. § 636(b)(3), to enter a guilty plea before a United States Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the Defendant and where no objection to the report and recommendation is filed); *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996). Each Defendant also waived the right to an Indictment in open court and after being advised of the nature of the charge and of her/its rights. *See* F.R. Crim. P. 7(b).

During the plea proceeding, the undersigned observed the appearance and responsiveness of Defendant Cummings in answering questions. Based on that observation, the undersigned is satisfied that, at the time she entered her guilty plea, Defendant was in full possession of her faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting Defendant's plea, the undersigned addressed her personally and in open court and determined her competence to plead. Based on the observations of the undersigned, Defendant understands the nature and meaning of the charge returned in the Information and the consequences of the guilty pleas. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that Defendants' pleas are voluntary. Defendant acknowledged that the plea agreements signed by her personally and on behalf of the Corporation, her attorney and the attorney for the United States and filed on June 6, 2012, represents the only promises made to her and the Corporation by anyone regarding the charges in each Information. Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, Defendant may nevertheless not withdraw her guilty plea. Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charge. She confirmed that she is pleading guilty to Count One of the Information personally and on behalf of Defendant Chesapeake Corporation because each is in fact guilty of the offense charged in the Information. The Court concludes that there is a factual basis for the pleas.

The Court concludes that Defendants' pleas of guilty to Count One of each Information is knowingly and voluntarily made with the understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that Defendant Barbara J. Cummings and Defendant Chesapeake Corporation's guilty pleas to Count One of each Information be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, a written presentence investigation report will be prepared by the United States Probation Office. Defendants will be asked to provide information and an attorney may be present. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's

ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

DATE: September 4, 2012            s/ *Elizabeth A. Preston Deavers*
                                                         **ELIZABETH A. PRESTON DEAVERS**
                                                         **UNITED STATES MAGISTRATE JUDGE**